UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BIG LOTS STORES, INC. | CASE NO. 2:14-cv-02635 |
| Plaintiff | JUDGE ALGENON L. MARBLEY |
| | MAGISTRATE JUDGE ELIZABETH |
| v. | PRESTON DEAVERS |
| ZURICH AMERICAN INSURANCE COMPANY | **ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendant. | **[Jury Demand Endorsed Hereon]** |

Defendants Zurich American Insurance Company ("Zurich") and American Guarantee and Liability Insurance Company ("American Guarantee") hereby state for their Answer to the First Amended Complaint:

**FIRST DEFENSE**

1. Zurich and American Guarantee admit that Plaintiff Big Lots Stores, Inc. ("Big Lots") seeks declaratory relief.  Further answering, Zurich and American Guarantee deny the remaining allegations set forth in Paragraph 1 of the Amended Complaint.

2. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Zurich and American Guarantee admit that Zurich is a corporation organized pursuant to the laws of the State of New York, having its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196-1056, and that it is engaged in the business of insurance.  Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Amended Complaint.

588614_4

609829

4. Zurich and American Guarantee admit the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Zurich and American Guarantee admit that they are licensed to do business in the State of Ohio and that they do business in the State of Ohio. Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Amended Complaint.

6. Zurich and American Guarantee admit that Big Lots seeks declaratory judgment pursuant to 28 U.S.C. § 2201. Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Zurich and American Guarantee admit the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Zurich and American Guarantee admit that American Guarantee issued Commercial Umbrella Liability Policy No. AUC 9266000 02, to Big Lots, Inc., having a policy period of June 1, 2012 to June 1, 2013 ("02 Policy"). Further answering, Zurich and American Guarantee admit that American Guarantee issued Commercial Umbrella Liability Policy No. AUC 9266000-03, to Big Lots, Inc., having a policy period of June 1, 2013 to June 1, 2014 ("03 Policy"). Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9. The 02 Policy and the 03 Policy are documents that speak for themselves. Further answering, Zurich and American Guarantee deny that American Guarantee is an affiliate company of Zurich. Further answering, Zurich and American Guarantee are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. The 02 Policy is a document that speaks for itself. Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint.

11. The 03 Policy is a document that speaks for itself. Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. The 02 Policy and the 03 Policy are documents that speak for themselves.  Further answering, Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

27. Zurich and American Guarantee restate Paragraphs 1 through 26 of its Answer.

28. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Zurich and American Guarantee deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Zurich and American Guarantee are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Zurich and American Guarantee deny the allegations set forth in Paragraph 31 of the Amended Complaint.

33. Zurich and American Guarantee deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Zurich and American Guarantee deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Zurich and American Guarantee deny the allegations set forth in Paragraph 34 of the Amended Complaint.

## SECOND DEFENSE

36. Zurich and American Guarantee affirmatively allege that the Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

37. Zurich and American Guarantee affirmatively allege, in the alternative, that Amended Complaint is not ripe for adjudication.

## FOURTH DEFENSE

38. Zurich and American Guarantee affirmatively allege, in the alternative, that Big Lots does not fall within the definition of "Insured" of the 02 Policy and the 03 Policy:

> **2.** **Insured** means:
>
> **a.** You;
>
> **b.** Any person or organization included as **insured** in **underlying insurance;**
>
> **c.** Any person or organization qualifying as an additional **insured** in **underlying insurance** but only to the same extent that such person or organization is an additional **insured** under such **underlying insurance**.

**FIFTH DEFENSE**

39. Zurich and American Guarantee affirmatively allege, in the alternative, that the claims asserted against Big Lots do not fall within the Insuring Agreements of the 02 Policy and the 03 Policy, which provide, in pertinent part:

**Insuring Agreements**

**SECTION I.  COVERAGE**

**A.**     **Coverage A – Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured** those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. With respect to **Coverage A**, this policy includes:

**1.**     The terms and conditions of **underlying insurance** to the extent such terms and conditions are not inconsistent or do not conflict with the terms and conditions referenced to in Paragraph **2.** below; and

**2.**     The terms and conditions that apply to **Coverage A** of this policy.

Notwithstanding anything to the contrary contained above, if **underlying insurance** does not apply to damages, for reasons other than exhaustion of applicable Limits of Insurance by payment of **loss**, then **Coverage A** does not apply to such damages.

**SIXTH DEFENSE**

40. Zurich and American Guarantee affirmatively allege, in the alternative, that coverage is precluded by Condition A.11, "Maintenance of Underlying Insurance", of the 02 Policy and the 03 Policy, which provide, in pertinent part:

**11.**     **Maintenance of Underlying Insurance**

During the period of this policy, you agree:

588614_4

7

609829

    **a.**    To keep the policies listed in the Schedule of Underlying Insurance in full force and effect;

    **b.**    That the Limits of Insurance of the policies listed in the Schedule of Underlying Insurance will be maintained except for any reduction or exhaustion of limits by payments of claims or **suits** for damages covered by **underlying insurance**;

    **c.**    The policies listed in the Schedule of Underlying Insurance may not be canceled or not renewed by you without notifying us, and you agree to notify us in the event an insurance company cancels or declines to renew any policy listed in the Schedule of Underlying Insurance; and

    **d.**    Renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be materially changed without our agreement.

If you fail to comply with these requirements, we will only be liable to the same extent that we would have been had you fully complied with these requirements.

## SEVENTH DEFENSE

41. Zurich and American Guarantee affirmatively allege, in the alternative, that coverage is precluded by Condition A.13, "Other Insurance", of the 02 Policy and the 03 Policy, which provide, in pertinent part:

**SECTION V. DEFINITIONS**

In this policy, words and phrases appearing in bold face type have the definitions shown below.

    **A.**    The following definitions are applicable to **Coverage A**, **Coverage B** and **Coverage C.**

    \*    \*    \*

    **4.**    **Other insurance** means a policy of insurance providing coverage that this policy also provides. **Other insurance** includes any type of self-insurance or other mechanisms by which an **insured** arranges for funding of legal liabilities.

> **Other insurance** does not include **underlying insurance** or a policy of insurance specifically purchased to be excess of this policy providing coverage that this policy also provides.

*   *   *

**Endorsement # 15**

**Other Insurance Clause**

*   *   *

**SECTION VI. Conditions**, Paragraph **A. 13** is deleted and replaced by the following:

**13.    Other Insurance**

If **other insurance** applies to damages that are also covered by this policy, this policy will apply excess of the **other insurance**. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such **other insurance**. However, this provision will not apply if the **other insurance** is written to be excess of this policy.

## EIGHTH DEFENSE

42.    Zurich and American Guarantee affirmatively allege, in the alternative, that coverage is precluded by Condition A.19., "When Loss Is Payable", of the 02 Policy and the 03 Policy, which provide, in pertinent part:

> **19.    When Loss Is Payable**
>
> Coverage under this policy will not apply until the **insured**, or the **insured's** underlying insurer has paid or is legally obligated to pay the full amount of the Underlying Limits of Insurance or **Retained Limit**.

## NINTH DEFENSE

43.    Zurich and American Guarantee affirmatively allege, in the alternative, that coverage is precluded by Condition B.1., "Notice of Occurrence, Claim or Suit", of the 02 Policy and 03 Policy, which provide, in pertinent part:

**1.** **Notice of Occurrence, Claim or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an **occurrence** which may result in damages covered by this policy. . . .

           To the extent possible, notice will include:

           **(1)**    How, when and where the **occurrence** took place;

           **(2)**    The names and addresses of any injured persons and witnesses; and

           **(3)**    The nature and location of any injury or damage arising out of the **occurrence**.

           \*    \*    \*

    **c.**    If a claim or **suit** against any **insured** is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

    **d.**    You and any other involved **insured** must:

           (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit**;

           (2)    Authorize us to obtain records and other information;

           (3)    Cooperate with us in the investigation, settlement or defense of the claim or **suit**; and

           (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **insured** because of injury or damage to which this insurance may also apply.

    **e.**    The **insureds** will not, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## TENTH DEFENSE

44. Zurich and American Guarantee affirmatively allege, in the alternative, that coverage is limited by the "Maintenance Self Insured Retention Applicable to Coverage A – After Underlying Aggregate Limits Are Reduced Or Exhausted" Endorsement of the 02 Policy and 03 Policy. The 02 Policy provides, in pertinent part:

> **Maintenance Self Insured Retention Applicable to Coverage A – After Underlying Aggregate Limits Are Reduced Or Exhausted**
>
> \* \* \*
>
> **Schedule of Retained Amount**
> **Applicable to US General Liability/Products Liability**
>
> **Retained Amount for US General Liability (OL&T only)/Products Liability** for Coverage A - $1,000,000 Each Occurrence - $2,000,000 Aggregate
>
> **Section II LIMITS OF INSURANCE**, Paragraph **F.** is deleted in its entirety and replaced by the following:
>
> **F.** With respect to **Coverage A** only and subject to paragraphs **B.1**, **B.2**, **B.3** and **C** above:
>
> **1.** If the limits of **underlying insurance** have been reduced solely by payment of loss for which coverage is afforded under this policy, this policy will drop down to become immediately excess of the reduced underlying limits or
>
> **2.** If the limits of the **underlying insurance** have been exhausted solely by payment of loss for which coverage is afforded under this policy, this policy will continue in force as **underlying insurance**.
>
> **3.** If the aggregate limits of the **underlying insurance** have been reduced or exhausted solely by the payment of loss for which coverage is afforded under this policy, our obligations under F.1 and 2. to drop down or to continue in force as underlying insurance shall be subject to the **Retained Amount** listed in this endorsement.

588614_4

609829

11

>**Retained Amount** means the amount of damages applicable to each **occurrence** for which the **insured** is responsible that is shown in the Schedule of Retained Amount in this endorsement.  **Retained Amount** includes defense costs.

The 03 Policy provides, in pertinent part:

>Maintenance Self Insured Retention Applicable to Coverage A – After Underlying Aggregate Limits Are Reduced Or Exhausted
>
>Schedule of Retained Amount Applicable to US General Liability/Products Liability
>
>Retained Amount for US General Liability (O,L&T only)/Products Liability for Coverage A
>
>$1,000,000 Each occurrence - $2,000,000 aggregate
>
>Section II Limits of Insurance, Paragraph F. is deleted in its entirety and replaced by the following:
>
>F.     With respect to Coverage A only and subject to paragraphs B.1, B.2 and B.3 and C above:
>
>1.     If the limits of underlying insurance have been reduced solely by payment of loss for which coverage is afforded under this policy, this policy will drop down to become immediately excess of the reduced underlying limits or
>
>2.     If the limits of the underlying insurance have been exhausted solely by payment of loss for which coverage is afforded under this policy, this policy will continue in force as underlying insurance.
>
>3.     If the aggregate limits of the underlying insurance have been reduced or exhausted solely by the payment of loss for which coverage is afforded under this policy, our obligations under F.1 and 2. to drop down or to continue in force as underlying insurance shall be subject to the Retained Amount listed in this endorsement.
>
>**Retained Amount** means the amount of damages applicable to each **occurrence** for which the **insured** is responsible that is shown in the Schedule of Retained Amount in this endorsement.  **Retained Amount** includes defense costs.

**ELEVENTH DEFENSE**

45. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Complaint is barred by the Declarations, Insuring Agreements, Conditions, Exclusions, Definitions, Clauses and/or Endorsements of the 02 Policy and 03 Policy.

**TWELFTH DEFENSE**

46. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Complaint is barred by the Declarations, Insuring Agreements, Conditions, Exclusions, Definitions, Clauses and/or Endorsements of the "underlying insurance".

**THIRTEENTH DEFENSE**

47. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Company is barred by the doctrine of waiver.

**FOURTEENTH DEFENSE**

48. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Complaint is barred by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

49. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Complaint is barred by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

49. Zurich and American Guarantee affirmatively allege, in the alternative, that the Amended Complaint is barred by the doctrine of laches.

**SEVENTIETH DEFENSE**

44. Zurich and American Guarantee respectfully reserves the right to amend their Answer to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as Zurich and American Guarantee may discover during the course of this case.

WHEREFORE, Zurich and American Guarantee respectfully request that the Amended Complaint be dismissed, with prejudice, at Big Lots' costs.

>  Respectfully submitted,
>
>  */s/Crystal L. Maluchnik*
>  STEVEN G. JANIK (0021934)
>  CRYSTAL L. MALUCHNIK (0077875)
>  JANIK L.L.P.
>  9200 South Hills Boulevard, Suite 300
>  Cleveland, Ohio 44147-3521
>  (440) 838-7600 • Fax (440) 838-7601
>  Email: Steven.Janik@Janiklaw.com
>  Crystal.Maluchnik@Janiklaw.com
>
>  *Attorneys for Defendants Zurich American Insurance Company and American Guarantee and Liability Insurance Company*

**JURY DEMAND**

Zurich and American Guarantee demand a trial by jury.

>  */s/Crystal L. Maluchnik*
>  STEVEN G. JANIK (0021934)
>  CRYSTAL L. MALUCHNIK (0077875)
>  JANIK L.L.P.
>
>  *One of the Attorneys for Defendants Zurich American Insurance Company and American Guarantee and Liability Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/Crystal L. Maluchnik*
        STEVEN G. JANIK (0021934)
        CRYSTAL L. MALUCHNIK (0077875)
        JANIK L.L.P.

        *One of the Attorneys for Defendant American Guarantee and Liability Insurance Company*