THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Big Lots Stores, Inc.,
　　　　Plaintiff(s)

vs.

Zurich American Insurance Co., et al.
　　　　Defendant(s)

Case No. 2:14-cv-02635
District Judge: Marbley
Magistrate Judge: Deavers

RULE 26(f) REPORT OF PARTIES
(to be filed no fewer than seven (7) days prior to the Rule 16 Conference)

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on June 8, 2015 and was attended by:

    Mary F. Geswein, counsel for plaintiff(s) Big Lots Stores, Inc.

    _____, counsel for plaintiff(s) _____

    Crystal Maluchnik, counsel for defendant(s) Zurich American Insurance Company and AGLIC

    _____, counsel for defendant(s) _____

2. **Consent to Magistrate Judge.** The parties:

    ___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

    _X_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures.** The parties:

    ___ have exchanged the initial disclosures required by Rule 26(a)(1);

    _X_ will exchange such disclosures by September 11, 2015

    ___ are exempt from such disclosures under Rule 26(a)(1)(E).

    ___ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

    None.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

None.

c. Recommended date for filing motions addressing jurisdiction and/or venue:

N/A

5. **Amendments to Pleading and/or Joinder of Parties**

a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: August 10, 2015

b. If class action, recommended date for filing motion to certify the class: _____

6. **Recommended Discovery Plan**

a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:
Plaintiffs intend to take discovery on all issues related to Defendants' coverage decision to treat underlying injuries as multiple occurrences.

Defendants: Discovery will be sought as to coverage for all claims at issue, and may include subjects such as the insurance policies providing coverage to Big Lots, the underwriting of such policies, the underlying contracts, the underlying facts, and the underlying litigation. Discovery may include interrogatories, requests for admission, requests for production, third-party subpoenas, and depositions.

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None.

c. The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

The parties are working on a mutually agreeable ESI plan.

2

    d.    The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

The parties will execute a mutually agreeable Protective Order.

        i.    Have the parties agreed on a procedure to assert such claims **AFTER** production?

    ___ No

    ___ Yes

    _X_ Yes, and the parties ask that the Court include their agreement in an Order.

e.    Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

N/A

f.    The parties recommend that discovery should proceed in **phases**, as follows:

N/A

g.    Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

Plaintiff: Expert testimony is expected on the subject of whether the underlying injuries constitute a single occurrence; Zurich's policy language; Zurich's claims handling.

Defendant: Expert testimony may be provided as to the issues involving product liability, the underlying litigation, the number of occurrences under the American Guarantee & Liability Insurance Company policies, and whether Zurich American Insurance Company was involved in processing, managing, and/or evaluating the claims submitted by Big Lots under the policies as alleged in ¶ 1 of the Amended Complaint.

        i.    Recommended date for making **primary expert designations**:

April 30, 2016

        ii.    Recommended date for making **rebuttal expert designations**:

May 30, 2016

h.    Recommended discovery **completion date:** July 15, 2016

3

7. **Dispositive Motion(s)**

   a. Recommended date for filing dispositive motions: __August 15, 2016__

8. **Settlement Discussions**

   a. Has a settlement demand been made? __Yes__ A response? __No__

   b. Date by which a settlement demand can be made: __July 31, 2015__

   c. Date by which a response can be made: __August 15, 2015__

9. **Settlement Week Referral**

   The earliest Settlement Week referral reasonably likely to be productive is the

   ___ March 20____ Settlement Week

   ___ June 20____ Settlement Week

   _X_ September 20 _15_ Settlement Week

   ___ December 20____ Settlement Week

10. **Other matters for the attention of the Court:**

   _____
   _____
   _____
   _____

**Signatures:**

| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
|---|---|
| John P. Gilligan | Steven G. Janik |
| Ohio Bar# 0024542 | Ohio Bar# 0021934 |
| Trial Attorney for Plaintiff | Trial Attorney for Defendants |
| James E. Davidson | Crystal L. Maluchnik |
| Ohio Bar# 0024534 | Ohio Bar# 0077875 |
| Trial Attorney for Plaintiff | Trial Attorney for Defendants |
| Mary F. Geswein | |
| Ohio Bar# 0063361 | Ohio Bar# |
| Trial Attorney for Plaintiff | Trial Attorney for |
| Nicole R. Woods | |
| Ohio Bar# 0084865 | Ohio Bar# |
| Trial Attorney for Plaintiff | Trial Attorney for |